**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ODESSA CREDLE-BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 3:04-cv-1167 (WWE) |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF CHILDREN AND | : | |
| FAMILIES, DARLENE DUNBAR, | : | |
| RENEE HOFF, MARC HAMBRECHT, | : | |
| CHRISTINE KAATZ, HEATHER | : | |
| PANCIERA, WANDA ESTRELLA | : | |
| and LYNN PATON, | : | |
| | : | |
| Defendants. | : | |

**RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION OF JUDGMENT**
**ON THE PLEADINGS**

Defendants have moved for reconsideration of the Court's ruling of August 20,

2007 [Doc. # 69], granting in part and denying in part defendants' motion for judgment

on the pleadings.  Defendants have moved for reconsideration of the Court's ruling

regarding count three of the complaint only: plaintiff's claims of retaliation under 42

U.S.C. § 1983 against the employee defendants in their individual capacities.  The

Court did not dismiss this claim.

Defendants argue that the Court lacked personal jurisdiction and that plaintiff's §

1983 claim cannot stand.  Plaintiff asserts that defendants waived this defense and that

the Court did have jurisdiction over defendants.  Accordingly, plaintiff claims that the

Court's allowance of suit pursuant to § 1983 was proper.  The Court agrees with plaintiff

1

and adheres to its earlier ruling that defendants have waived the defense of the lack of

personal jurisdiction.

It is undisputed that defendants did not raise the defense of the lack of personal

jurisdiction in their first response to plaintiff's complaint.  Instead, defendants first

asserted this defense in their response to plaintiff's second amended complaint,[1] which

was filed on January 30, 2006.  Defendants' answer was not filed until September 18,

2006.[2]

Defendants now argue that insufficient service upon defendants in their

individual capacities precludes plaintiff from asserting claims against them as such and

that this Court's finding that the individuals could be sued for retaliation pursuant to §

1983 must be reversed.  This argument was not set forth in defendants' motion for

judgment on the pleadings and should be dismissed as untimely.  Newbro v. Freed,

2007 WL 642941, *2 (2d Cir.) ("Because they raised it for the first time on

---

[1]The complaint at issue is plaintiff's second amended complaint. Her first amended complaint was filed on August 2, 2005 [Doc. #23].  Her second amended complaint was filed on January 30, 2006 [Doc. #38], but was not docketed as the "second amended complaint."

[2]In its ruling, this Court noted that the excessive delay in defendants' filing of their answer was in contravention of Fed. R. Civ. P 15(a), which provides that a response to an amended pleading shall be pled "within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."  Defendants' almost eight-month delay in filing its response to plaintiff's amended complaint would be sufficient grounds to hold that defendants waived their defense.  Luv n' Care Ltd. v. Barbelito, S.A., 306 F.Supp.2d 468, 472-73 (S.D.N.Y. 2004) ("Courts in this district have held that such motions must be raised in a reasonably timely fashion or be deemed waived.").  Considering the circumstances of this case, defendants' motion was not made in a reasonably timely fashion and their defense should be considered waived on this basis.  As stated in this Court's earlier ruling and as the subject of the instant motion for reconsideration, defendants' defense is deficient on other grounds as well.

reconsideration, the court properly refused to consider the Freeds' argument . . . .").

See Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir.

2001) (noting that arguments raised for the first time on a motion for reconsideration

may be rejected as untimely).  Defendants now argue that they were unaware of

plaintiff's claims against them in their individual capacities until the time plaintiff filed her

second amended complaint.  The Court finds this argument disingenuous.  Defendants

referred to claims against them in their individual capacities in their December 8, 2004

brief in support of their Motion for More Definite Statement [Doc. #6, filed on December

9, 2004] ("plaintiff has alleged a hodge podge of legal theories and named multiple

defendants, in their individual capacities. . . .").  Counsel for defendants filed her

appearance for defendants in their individual capacities on December 22, 2004.

However, in their Motion to Dismiss dated September 1, 2005 [Doc. #26], defendants

made no reference to personal jurisdiction.

    As stated in its earlier ruling, this Court held that the lack of personal jurisdiction

is deemed waived if not raised in either defendants' answer to the complaint or in a

motion to dismiss.  Luv n' Care Ltd., 306 F.Supp.2d at 472. See Fed. R. Civ. P. 12(g)

and (h).  A response to an amended complaint is not sufficient to override a party's

earlier waiver.  The Second Circuit has determined that "the Rule 12 defenses of lack of

personal jurisdiction, improper venue, insufficiency of process and insufficiency of

service, if waived by defendant's failure to raise those objections in response to the

original complaint, may not be resurrected merely because a plaintiff has amended the

complaint."  Gilmore v. Shearson/American Express, Inc., 811 F.2d 108, 112 (2d Cir.

1987).  Defendants' untimely assertion of insufficiency of service does not override their

waiver of personal jurisdiction.

The Court GRANTS defendants' Motion for Reconsideration [Doc. #73].  In

accordance with the foregoing reasons, the Court adheres to its prior ruling.


Dated this 29th day of October, 2007 at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior United States District Judge