```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                     :
CREDLE BROWN                         :
                                     :
v.                                   :   CIV. NO. 3:04CV1167 (WWE)
                                     :
DCF, et al                           :
```

DISCOVERY RULING RE: DEFENDANTS' OBJECTIONS
TO INTERROGATORIES Nos. 7, 10 AND 18

A discovery conference was held on November 29, 2007. At the conference, a schedule was agreed upon by counsel and ordered by the Court that same day. Document discovery was to conclude on 12/31/07. [Doc. #88] Although fact discovery is closed and the parties have yet to make a motion for extension of these deadlines, the Court rules on the pending objections in an effort to keep this case as close to schedule as possible. The defendants object to Interrogatories Nos. 7, 10 and 18.

Interrogatory No. 7 asks defendants to, "Set forth the bases for any defenses and/or counterclaims you may have to the allegations contained in the plaintiff's complaint." Defendants object that the interrogatory calls for a legal opinion. The Court agrees and sustains the objection.

Interrogatory No. 10 asks defendants to, "List the names, addresses, and telephone numbers of any individuals known to have witnessed, or believed to have other information relating to, any of the allegations contained in the complaint, whether or not such person is expected to be called as witnesses at trial, specifying the nature and content of their knowledge, information

or observations." The defendants object that the interrogatory seeks the disclosure of work product. Nonetheless, defendants provided the name, address and phone number of five individuals. Still the plaintiff contends that the response is incomplete. The Court sustains the objection to Interrogatory No. 10.

Interrogatory No. 18 asks, "Whether any of the individual defendants have ever been subjects of discrimination claims in the past by their employees and, if so, specify for each (a) the nature of such claim; (b) the resolution of each; (c) whether a formal complaint was filed with the CHRO or the EEOC; (d) the CHRO and/or EEOC file numbers." The defendants object that the interrogatory is vague, overly broad and not reasonably calculated to lead to admissible evidence. The Court agrees and the objection is sustained.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 11th day of February 2008.

_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE