### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| ODESSA CREDLE-BROWN, : | |
|               Plaintiff, : | |
| : | |
| v. : | 3:04-cv-1167 (WWE) |
| : | |
| STATE OF CONNECTICUT DEPARTMENT : | |
| OF CHILDREN AND FAMILIES, DARLENE : | |
| DUNBAR, RENEE HOFF, MARC : | |
| HAMBRECHT, CHRISTINE KAATZ, : | |
| HEATHER PANCIERA, WANDA ESTRELLA : | |
| AND LYNN PATON, : | |
|               Defendants. : | |

### RULING ON CROSS MOTIONS FOR RECONSIDERATION

Plaintiff Odessa Credle-Brown and defendant Renee Hoff have filed motions asking the Court to reconsider its order granting defendants' motion for summary judgment as to all defendants except Hoff entered on April 21, 2009 (Doc. #136).

### FACTS

The underlying facts and the identities of the parties are set forth in the Court's April 21 order.  On April 30, 2009, plaintiff filed her motion (Doc. #137) arguing that the Court committed clear error in its ruling.  On May 4, 2009, defendant Hoff filed her motion (Doc. #138) arguing likewise.  For the reasons that follow, the Court will grant both motions for reconsideration and, upon review, vacate its previous decision and grant summary judgment.

### DISCUSSION

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order."

Local R. Civ. P. 7(c)(1).  Such a motion should be granted only where the Court has overlooked facts or precedents which might have "materially influenced" the earlier decision.  Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991).  The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

**I.    Defendant Hoff's Motion for Reconsideration**

In its previous ruling, the Court found that there were questions of fact upon which a jury could conclude that defendant Hoff violated plaintiff's rights under section 1983 by violating her rights under the Americans with Disabilities Act ("ADA"). Defendant Hoff now reiterates her argument that (1) a claim for a violation of plaintiff's rights under section 1983 cannot stand where that violation is solely one under the ADA; and (2) the Court's decision allowing plaintiff to assert a claim under section 1983 for a violation of the ADA impermissibly sidesteps the Supreme Court's ruling in University of Alabama v. Garrett, 531 U.S. 356 (2001).

In its previous ruling, the Court relied upon Galusha v. New York State Dep't of Envtl. Conservation, 1999 U.S. Dist. LEXIS 11254 (N.D.N.Y July 22, 1999) and Campbell v. City Univ. Constr. Fund, 1999 U.S. Dist. LEXIS 9575 (S.D.N.Y. June 24, 1999) for the proposition that "a claim under 1983 can go forward even where there is a concomitant ADA claim."  Defendant now draws the Court's attention to Bartlett v. New York State Bd. of Law Examiners, 970 F. Supp. 1094, 1144-45 (S.D.N.Y. 1997) (Sotomayor, J.), aff'd in part and vacated in part on other grounds, 156 F.3d 321 (2d Cir. 1998), vacated on other grounds, 527 U.S. 1031 (1999).

2

Upon review of the relevant cases – <u>Bartlett</u>, <u>Galusha</u> and <u>Campbell</u> – the Court finds that a plaintiff cannot bring a claim under section 1983 where the deprived federal rights are only those rights guaranteed by the ADA.  <u>See also</u> <u>Chernoff v. City of New York</u>, 2009 U.S. Dist. LEXIS 24849, *17 & n.7 (E.D.N.Y. Mar. 25, 2009).  As the court stated in <u>Bartlett</u>, "Congress would not have intended that plaintiffs seek redress for violations of their ADA ... rights through the vehicle of section 1983."  <u>Bartlett</u>, 970 F. Supp. at 1144.  Because plaintiff had an opportunity to assert her rights under the ADA in this Court against the State (even if such claim was dismissed for being deficient), the Court will vacate its previous decision and grant summary judgment as to plaintiff's claim against defendant Hoff for violations of the ADA.

**II.      Plaintiff's Motion for Reconsideration**

Plaintiff moves for reconsideration on three grounds.  First, she argues that the Court's "<u>sua</u> <u>sponte</u>" grant of summary judgment was contrary to established case law and violated her rights to due process of law.  Second, plaintiff contends that she asserted a claim under 42 U.S.C. § 1983 for violation of rights other than those afforded under the ADA and the Court's limited discussion of section 1983 with regard to the ADA only ignored those other claims.  Third, plaintiff asserts that the Court failed to properly construe the facts in her favor as required by the standard on summary judgment.

As to the first argument, contrary to plaintiff's contention, the Court did not grant summary judgment <u>sua</u> <u>sponte</u>.  Rather, defendant filed a motion for summary judgment which the Court granted in part.  This is not <u>sua</u> <u>sponte</u>.  <u>See</u> Black's Law Dictionary 1464 (8th ed. 2004) (defining "<u>sua</u> <u>sponte</u>" as "without prompting or

3

suggestion; on its own motion).  Plaintiff had prompting and suggestion by virtue of defendants' motion for summary judgment.

In the cases cited by plaintiff, the trial court's grant of summary judgment truly was <u>sua</u> <u>sponte</u> and made by motion of the Court.  <u>See</u>, <u>e.g.</u>, <u>Ramsey v. Coughlin</u>, 94 F.3d 71 (2d Cir. 1999) (reversing district court's <u>sua</u> <u>sponte</u> grant of summary judgment in favor of defendant after plaintiff had filed for summary judgment).  In discussing the role of the court on summary judgment, the Court of Appeals in <u>Ramsey</u> observed that the "district court's independent raising and granting of summary judgment in favor of the nonmoving party is an accepted method of expediting litigation."  <u>Id.</u>, 94 F.3d at 74. The Court of Appeals has also recognized that the non-moving party should be on notice that she is to come forward with all of her evidence in response to a motion for summary judgment lest the court grant the motion against her.  <u>See</u> <u>First Fin. Ins. Co. v. Allstate Interior Demolition Corp.</u>, 193 F.3d 109, 114 (2d Cir. 1999) ("District courts are widely acknowledged to possess the power to enter summary judgment ... so long as the losing party was on notice that it had to come forward with all of its evidence.").

Here, plaintiff was on notice of defendant's motion.  She should have put forth all of her evidence to defeat the motion.  Plaintiff is not entitled to a second chance to offer evidence to the Court that existed before.  Accordingly, the Court's grant of summary judgment was appropriate in light of the arguments before it.

Plaintiff next argues that her rights were violated under section 1983 due to defendant's deprivation of plaintiff's twenty-three days of part-time employment.  In their motion for summary judgment, defendants asserted that plaintiff had failed to meet her burden and demonstrate a section 1983 claim.  Plaintiff's response to this argument,

contained in her motion to strike, addressed a rule 12(b)(6) standard, presumably because defendants phrased their motion in failure-to-state-a-claim language.  The motion for summary judgment, however, was made under rule 56; plaintiff's response, therefore, should have been addressed to that standard.

Allegations contained in a complaint cannot defeat summary judgment.  Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial."); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988) ("[L]itigants should be on notice from the very publication of Rule 56(e) that a party faced with a summary judgment motion may not rest upon the mere allegations or denials of the party's pleading and that if the party does not respond properly, summary judgment, if appropriate, shall be entered against him.").  Plaintiff did not raise the appropriate arguments in opposition to summary judgment, and the Court will not permit her to try a new strategy now.  Accordingly, the Court will reject this argument on reconsideration.

Further, plaintiff argues that her claim under section 1983 was based on a deprivation of her entitlement to several days of light duty assignment.  The response to defendant's motion for reconsideration is the first occasion that plaintiff has raised this issue.  She asserts, however, that the Second Amended Complaint is perfectly clear when it alleges "[t]he above discriminatory pattern and practice by defendants violated the Plaintiff's rights as protected by 42 U.S.C. § 1983" and "[t]he defendants deprived

the Plaintiff of her constitutionally protected rights as illustrated above."  Second Amended Complaint, ¶¶ 57, 59.

Neither the Court nor defendants read these statements as clearly as plaintiff meant them to be read.  Nor did plaintiff expand upon them in her motion to strike or response to summary judgment.  A motion for reconsideration is not the occasion for bringing up new arguments.  Plaintiff should have responded to defendant's motion for summary judgment with evidence that would support her argument that there was a disputed issue of fact concerning defendants' alleged deprivation of her light duty assignment.  She failed to do so, instead relying upon the vague allegations of her complaint.  Therefore, summary judgment is appropriate as to plaintiff's section 1983 claim.

Even if the Court were to review the claims against the individual defendants relating to the alleged deprivation of days, the Court would find no disputed issues of fact relating to the individual defendants' personal involvement in such deprivation.

Third, plaintiff asked the Court to reconsider its conclusions concerning defendants Estrella, Paton, Kaatz, Panciera and Hambrecht arguing that the Court failed to construe the facts in favor of plaintiff.  In its previous ruling, the Court found that as to each of these defendants, plaintiff had failed to proffer sufficient evidence to allow a jury to conclude that each of these defendants was personally involved in any deprivation of plaintiff's rights under section 1983.  Plaintiff now claims that there is sufficient evidence for a reasonable jury to conclude that these defendants were either personally involved in any deprivation of plaintiff's rights or grossly negligent in their supervision of their subordinates who were.

For the reasons set forth above concerning defendant Hoff's motion for reconsideration, plaintiff's arguments are moot.  The Court will grant summary judgment in favor of all defendants on this legal point.

Even if the Court were not to vacate its previous ruling, it would still grant summary judgment for the reasons laid out in the previous ruling.  Plaintiff's argument is a series of logical assumptions that are not grounded in the evidence before the Court and are insufficient to defeat summary judgment.

For the foregoing reasons, plaintiff's motion for reconsideration will be granted. Upon review, the Court will grant summary judgment on all claims in favor of defendants.  As to plaintiff's request for the Court to reconsider its ruling as to the individual defendants, the Court finds such request moot.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant Hoff's motion for reconsideration (Doc. #138).  Further, the Court GRANTS plaintiff's motion for reconsideration (Doc. #137).  Upon reconsideration, the Court vacates its previous ruling as to defendant Hoff and grants summary judgment in favor of defendant Hoff. The Clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 24th day of June, 2009.

_____/s/_____
Warren W. Eginton
Senior United States District Judge